UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NELLIE SAMPSON on behalf of herself and
all other employees similarly situated,

                Plaintiff,                              **ORDER**
                                                            CV 10-1342 (SJF)(ARL)

        -against-

MEDISYS HEALTH NETWORK, INC., et al.,

                Defendants.
-------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the defendants' motion to quash subpoenas served by the plaintiff on non-party American Nurses Association and National Database of Nursing Quality Indicators. The plaintiff objects to the request on the grounds that (1) the subpoenas were or will be served in Maryland and thus the court lacks jurisdiction to quash the subpoenas, (2) the defendant lacks standing to make the motion, and (3) the subpoena is governed by Rule 45, not Rule 26, and are therefore not discovery. Although the plaintiff is correct that "a party ordinarily lacks standing to challenge a non-party subpoena with a motion for a protective order or to quash unless the party is seeking to protect a personal privilege or right, *see Malmberg v. United States,* 2010 U.S. Dist. LEXIS 28784 *3 (N.D.N.Y. Mar. 24, 2010), and motions to quash must be made to the district court were a non-party is served, discovery is premature in the case. Pursuant to Rule 26(d)(1), a party may not seek discovery from any source until the parties have conferred as required by Rule 26(f). Accordingly, the defendants may not seek party or non-party discovery until the parties confer.

Dated:  Central Islip, New York                           **SO ORDERED:**
         August 17, 2010

                                                        _____/s_____
                                                        ARLENE R. LINDSAY
                                                        United States Magistrate Judge