UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NELLIE SAMPSON,<br>*on behalf of herself and all other employees similarly situated,*<br>           *Plaintiffs*,<br>  v.<br><br>MEDISYS HEALTH NETWORK INC., THE JAMAICA HOSPITAL, THE BROOKDALE HOSPITAL MEDICAL CENTER, FLUSHING HOSPITAL AND MEDICAL CENTER, PENINSULA HOSPITAL CENTER, DAVID P. ROSEN, AND MAX SCLAIR,<br><br>           *Defendants.* | Civil Action No.<br>10-CV-1342 (SJF)(ARL) |

## MEMORANDUM OF LAW IN SUPPORT MOTION TO STRIKE INAPPROPRIATELY SUBMITTED EVIDENCE

                     THOMAS & SOLOMON LLP
                     *Attorneys for Plaintiffs*
                     693 East Avenue
                     Rochester, New York 14607
                     Telephone: (585) 272-0540

Of Counsel: J. Nelson Thomas, Esq.
       Michael J. Lingle, Esq.
       Justin M. Cordello, Esq.

**ARGUMENT**

In support of their motion to dismiss plaintiffs' amended complaint, defendants have attached several collective bargaining agreements ("CBAs") for the Court to consider. However, on a motion to dismiss, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In other words, to be treated as a motion to dismiss, the Court may not examine or consult extraneous evidence outside the four corners of the complaint. Extrinsic documents may only be considered by the Court "if they either are: (1) attached to the complaint; (2) incorporated into the complaint by reference; or (3) integral to the complaint." *DeLuca v. AccessIT Group, Inc.,* 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010). The CBAs attached in support of defendants' motion to dismiss the amended complaint do not fall into any of these categories. Therefore, plaintiffs respectfully request that the CBAs be stricken from the record.

First, there can be no argument that the CBAs in question are attached to plaintiffs' Amended Complaint, thus the first exception to the extrinsic document rule has not been met.

The second exception allows the Court to consider documents outside the four corners of the complaint if the documents are incorporated by reference in the complaint. Defendants, in a deceptive attempt to enter the CBAs into the record, state that the "Court can consider the CBAs on this motion because they were incorporated by reference in the Complaint."[1] *See* Defendants' Memorandum of Law in Support of their Motion to Dismiss the Amended Complaint ("Defs' Memo") at 3 fn 3. However, defendants' assertion could not be further from the truth. Plaintiffs' amended complaint makes absolutely no reference to any CBA, or the terms of any CBA. Therefore, the CBAs are not incorporated by reference. Because the complaint makes no reference to any CBA, defendants' feeble attempt to mislead the Court should not be permitted.

---

[1] In fact the case cited by defendants is equally misleading. In *Ackerman v. Local Union 363, Intern. Broth. of Elec. Workers*, the plaintiff's claims alleged that his union failed to "supervise and enforce the terms of the collective bargaining agreement, bringing claims under the LMRA and state common law. 423 F.Supp. 2d 125, 126. Therefore, not only did plaintiff's complaint incorporate the CBA by reference, but the claims depended on the CBA. Therefore, consideration of the CBA was proper on a motion to dismiss. Here, neither the amended complaint nor plaintiffs' claims make any reference to or depend on the terms of a CBA. Thus, consideration of the CBAs on a motion to dismiss is improper.

- 2 -

Lastly, an extrinsic document may be considered if it is integral to the complaint. "To be integral to the complaint, the plaintiff must have (1) 'actual notice' of the extraneous information, and (2) 'relied upon the documents in framing complaint.'" *DeLuca,* 695 F. Supp. 2d at 60 (internal quotations omitted). Further, "[m]ere notice or possession is not enough for a court to treat an extraneous document as integral to a complaint; the complaint must rely *heavily* upon the document's terms and effect for that document to be integral." *Id.* (internal quotations omitted) (emphasis added).

Here, whether plaintiffs had actual notice of the CBAs has no effect because the second condition is not met. Plaintiffs have not relied on the CBAs in any way in framing their amended complaint. Additionally, plaintiffs' amended complaint does not even approach the standard of relying "heavily" on the CBAs. Rather, plaintiffs' claims in the amended complaint are all based in federal law, and state statutory and common law, and are completely independent of the existence of any CBA. Thus, the CBAs introduced by defendants are not integral to plaintiffs' complaint.

Because the CBAs are not attached to the complaint, are not incorporated by reference in the complaint, and are not integral to the complaint, defendants have improperly introduced the CBAs as evidence in support of their motion to dismiss plaintiffs' amended complaint. Therefore, plaintiffs respectfully request the Court strike the CBAs from the record.

Dated: September 10, 2010

                    **THOMAS & SOLOMON LLP**

By:    s/ Michael J. Lingle
         J. Nelson Thomas, Esq.
         Michael J. Lingle, Esq.
         Justin M. Cordello, Esq.
         *Attorneys for Plaintiffs and Class Members*
         693 East Avenue
         Rochester, New York 14607
         Telephone: (585) 272-0540
         nthomas@theemploymentattorneys.com
         mlingle@theemploymentattorneys.com
         jcordello@theemploymentattorneys.com