UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NELLIE SAMPSON, *on behalf of herself and all other employees similarly situated,*

                              Plaintiff,

                v.

MEDISYS HEALTH NETWORK INC., THE JAMAICA HOSPITAL, THE BROOKDALE HOSPITAL MEDICAL CENTER, FLUSHING HOSPITAL AND MEDICAL CENTER, PENINSULA HOSPITAL CENTER, DAVID P. ROSEN and MAX SCLAIR,

                              Defendants.

CV-10-1342 (SJF-ARL)

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE ALLEGEDLY INAPPROPRIATELY SUBMITTED EVIDENCE

Dated: New York, New York
       September 27, 2010

Lorie E. Almon
Edward Cerasia II
Anjanette Cabrera
Mary E. Ahrens
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Kristin G. McGurn
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, Massachusetts 02210
(617) 946-4800

Attorneys for Defendants

## I. ARGUMENT

Nellie Sampson ("Sampson") and the vast majority of the current and former employees whom she purports to represent are union members. (*See* Plaintiff's Memorandum of Law In Opposition to Defendants' Motion To Dismiss Plaintiff's Complaint ("Plaintiff's Memo") at 20, 25). As union members, the terms and conditions of their employment with Defendants, including their meal and rest breaks, overtime compensation, on-call pay, shift differentials, training, staffing, record retention policies, and various other employment terms, were established by and are set forth in their respective collective bargaining agreements ("CBAs"). Thus, notwithstanding Sampson's artful avoidance of specifically referencing the CBAs in her Complaint, she cannot escape the fact that the CBAs are integral to each of her claims and must therefore be considered by the Court on Defendants' Motion to Dismiss.[1]

For purposes of a Rule 12 motion, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. AT&T Co.*, 62 F.3d 69, 72 (2d Cir. 1995). Thus, even where a document is not incorporated by reference, the Court may nevertheless consider it where the complaint "relies heavily upon its terms *and effect*," thereby rendering the document(s) "integral" to the complaint. *Id.* at 153 (emphasis added); *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

---

[1] Indeed, in evaluating nearly identical allegations that Thomas & Solomon made against other hospital systems, several courts have referred to and interpreted applicable CBAs in granting dismissals of plaintiffs' claims. *See Pruell v. Caritas Christi, et al.*, No. 09-cv-11722 (Dkt. No. 31) (O'Toole, J.) (D. Mass. Sept. 27, 2010) and *Cavallaro v. UMass Memorial Health Care, Inc.*, No. 09-cv-40181 (D. Mass. Jul. 2, 2010) (Saylor, J.) (attached at Tabs A and B).

Sampson cannot avoid the effect of federal labor law through her mere avoidance of reference to the governing law in her Amended Complaint. The U.S. Supreme Court has made clear that federal labor law: (1) preempts state law claims that require interpretation of the terms of a labor contract, *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202 (1985); *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399 (1988); (2) requires such claims to be treated as federal labor contract law claims under LMRA § 301, *Local 174, Teamsters v. Lucas Flour Co.*, 369 U.S. 95 (1962); (3) mandates that a claimant attempt to exhaust her administrative remedies pursuant to the governing labor contract's grievance and arbitration procedure before resorting to federal court under § 301, *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554 (1976); *Republic Steel Corp. v. Maddox*, 379 U.S. 650 (1965); and (4) requires that where the grievance and arbitration procedures were not exhausted, proof must be shown that the failure to exhaust was due to the union's breach of its duty of fair representation toward the employee, *Vaca v. Sipes*, 386 U.S. 171 (1967).

Here, Sampson asserts state common law claims for breach of express and implied contract, quantum meruit, unjust enrichment/restitution, fraud, misrepresentation, conversion, as well as statutory claims under the New York Labor Law, N.Y. Lab. Law §§ 190 and 191 ("NYLL"). These common law and statutory claims cannot be resolved without first addressing federal labor law, which in turn requires interpretation of provisions of the governing CBAs. Where "the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is preempted and federal labor-law principles . . . must be employed to resolve the dispute." *Lingle*, 486 U.S. at 399; *accord Levy v. Verizon Info. Servs. Inc.*, 498 F. Supp. 2d 586, 598 (E.D.N.Y. 2007) (New York and New Jersey wage payment laws preempted during period when the CBA was in effect and during period following

2

expiration of the CBA, while its terms remained in effect). In other words, the effect of LMRA preemption is to turn the state law claims into federal claims of breach of the CBAs. *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1180 (7th Cir. 1993); *accord Poling v. Prudential Ins. Co. of Am.*, No. 01-4081 (C.D. Ill. filed Oct. 4, 2002) (finding employee's state law wage claim preempted because it required interpretation of the CBA) (Tab C).

For this reason, courts recently have evaluated applicable collective bargaining agreements to dismiss identical state law claims filed by Plaintiff's counsel against healthcare institutions like Medisys, holding those claims preempted by § 301.[2] *Pruell v. Caritas Christi*, No. 09-cv-11722 (Dkt. No. 29), at 6 ("Because multiple CBA provisions must be consulted and applied to establish plaintiff's wage rates, and because consulting and applying multiple provisions amounts to "interpretation" of the CBAs, section 301 preempts the plaintiffs' statutory wage claims. . . . Section 301 likewise preempts the plaintiffs' common law claims, which are all variations on a common theme.") (Tab D); *Cavallaro v. UMass Memorial Health Care, Inc.*, No. 09-cv-40181, at 8 ("[T]he need to interpret the CBAs is what triggers preemption under Section 301.").

The fact that Sampson does not expressly cite the CBAs is of no moment. CBAs are regularly considered by courts in this circuit on Rule 12 motions even if they are not attached to or explicitly incorporated by reference in the complaint when they are integral to a plaintiff's action, as they are here. In *Levy*, for example, the Court considered various CBAs in reaching its decision in favor of the defendants' preemption argument "despite plaintiffs' careful avoidance of mentioning [the CBAs] in the complaint." 498 F. Supp. 2d at 594. Similarly, in *Jacobson v.*

---

[2] Evaluating FLSA and RICO claims virtually identical to those brought by Sampson against Medisys, the Court in *Pruell* (Tab A) dismissed those claims based on a failure to meet the pleading standard established by *Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) for minimum wage and overtime allegations.

3

*Telvida, Inc.*, the court considered a CBA that was not attached to the complaint or incorporated by reference on a motion to dismiss certain contract claims. No. 04-CV-163 (SLT) (MDG), 2005 U.S. Dist. LEXIS 44196, at *5 (E.D.N.Y. July 28, 2005) (Tab E). Along the same lines, in *Munno v. Town of Orangetown*, the court considered the underlying CBA in granting the defendants' motion to dismiss wrongful suspension and violation of due process claims, finding that the CBA was "integral" to the plaintiff's claim although it was neither attached to nor incorporated in the complaint. 391 F. Supp. 2d 263, 269 (S.D.N.Y. 2005); *see also D'Amato v. Southern Conn. Gas Co.*, No. 3:97 CV 838 (CF), 2000 WL 32325258, at *2 (D. Conn. Sept. 8, 2000) ("It is appropriate to consider the CBA in ruling on a Rule 12(b)(6) motion to dismiss raising issues of LMRA preemption based upon the existence of the CBA.") (Tab F).

Conversely, the sole case upon which Sampson relies in support of her motion to strike, *DeLuca v. AccessIT Group, Inc.*, 695 F. Supp. 2d 54 (S.D.N.Y. 2010), is readily distinguishable. In *DeLuca*, the Court declined to consider four documents – none of which were CBAs – that were submitted by the *plaintiff* in opposition to the defendant's motion to dismiss a claim for double damages under section 191-c of the NYLL, which provides such relief only to independent contractors. Notably, two of the documents rejected by the court dealt specifically with the plaintiff's status as an independent contractor. As noted by the court, however, the documents were not submitted until the plaintiff opposed defendant's motion to dismiss. Thus, although the plaintiff clearly had notice of the documents since he included them as part of his opposition, the court determined that the documents were not *integral* to his complaint because he failed to produce or rely on them until *after* he was faced with dismissal. *DeLuca* is therefore inapposite to the facts at issue here and should be disregarded by this court.

4

Plaintiff's disingenuous Motion to Strike is a doomed attempt to keep legally flawed claims afloat since, as discussed in Defendants' Motion To Dismiss papers and so held in *Pruell*, Sampson's claims are preempted – as a result of the CBAs – by Section 301 of the LMRA, and because the National Labor Relations Act forbids courts from hearing claims involving matters within the province of the NLRB that the Act even "arguably" prohibits. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959).[3] This Court routinely and without hesitation has analyzed CBAs, whether or not explicitly referenced in or attached to a complaint, to evaluate such preemption defenses. *Levy*, 498 F. Supp. 2d at 594-95; *Jacobson*, 2005 U.S. Dist. LEXIS 44196, at *5; *Munno*, 391 F. Supp. 2d at 269. It should do so here.

---

[3] As the Court in the District of Massachusetts recently noted when ordering dismissal of virtually identical claims, "when the federal statute completely preempts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). Plaintiff's attempt to avoid pleading language that depends on the CBAs does nothing to prevent this Court from reviewing those agreements on Defendants' Motion to Dismiss, as the Court did in the District of Massachusetts. *Pruell v. Caritas Christi* (Tab A) and *Cavallaro v. UMass Memorial Health Care, Inc.* (Tab B). Betraying their own lack of conviction for the instant Motion to Strike, plaintiffs' counsel did not move to strike the CBAs submitted in support of Defendants' Motions to Dismiss in those cases.

## II.　CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike should be denied.

Dated:　New York, New York  
　　　　September 27, 2010

Respectfully submitted,

SEYFARTH SHAW LLP

By /s/ Lorie E. Almon  
　　Lorie E. Almon  
　　Edward Cerasia II  
　　Anjanette Cabrera  
　　Mary E. Ahrens (admitted *Pro Hac Vice*)  
620 Eighth Avenue, 32nd Floor  
New York, New York 10018  
(212) 218-5500

Kristin G. McGurn (admitted *Pro Hac Vice*)  
SEYFARTH SHAW LLP  
Two Seaport Lane, Suite 300  
Boston, Massachusetts 02210  
(617) 946-4800

*Attorneys for Defendants*