**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NELLIE SAMPSON,**<br>*on behalf of herself and all other employees similarly situated,*<br><br>*Plaintiffs,*<br><br>  **v.**<br><br>**MEDISYS HEALTH NETWORK INC., THE JAMAICA HOSPITAL, THE BROOKDALE HOSPITAL MEDICAL CENTER, FLUSHING HOSPITAL AND MEDICAL CENTER, PENINSULA HOSPITAL CENTER, DAVID P. ROSEN, AND MAX SCLAIR,**<br><br>*Defendants.* | **Civil Action No.**<br>**10-CV-1342 (SJF)(ARL)** |

### MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO STRIKE INAPPROPRIATELY SUBMITTED EVIDENCE

**THOMAS & SOLOMON LLP**
*Attorneys for Plaintiffs*
693 East Avenue
Rochester, New York 14607
Telephone:  (585) 272-0540

Of Counsel:    J. Nelson Thomas, Esq.
                      Michael J. Lingle, Esq.
                      Justin M. Cordello, Esq.

## PRELIMINARY STATEMENT

In support of submitting improper evidence in connection with their motion to dismiss, defendants initially claimed that plaintiffs had "incorporated by reference" collective bargaining agreements in their amended complaint.  But now that plaintiffs have demonstrated the falsity of defendants' statement, they quickly ran for cover and changed their argument, now claiming that the collective bargaining agreements are "integral" to plaintiffs' claims.  As with their initially flawed reasoning, defendants' second excuse for submitting improper evidence rings hollow.

As plaintiffs explained in their motion (and in opposition to defendants' motion to dismiss), plaintiffs' claims do not rely on, or refer to or require the interpretation of any collective bargaining agreements. Thus, defendants' improper evidence should be struck.

## ARGUMENT

Recognizing the flaw in their original argument for introducing the collective bargaining agreements ("CBAs") as evidence to be used to support their motion to dismiss plaintiffs' amended complaint, defendants abandon that argument for a new, equally unavailing argument.  *See* Defendants' Memorandum of Law in Support of their Motion to Dismiss Plaintiffs' Amended Complaint and Stay Discovery, at 3 fn 3 ("The Court can consider the CBAs on this motion because they were *incorporated by reference in the Complaint*.") (emphasis added).  In their response to plaintiffs' motion to strike, defendants now argue that the CBAs are properly considered by the Court because they are "integral" to the complaint.

Extrinsic documents may be considered if they are integral to the complaint – which requires the presence of very specific circumstances.  "To be integral to the complaint, the plaintiff must have (1) 'actual notice' of the extraneous information, and (2) relied upon the documents in framing complaint." *DeLuca*, 695 F. Supp. 2d at 60 (internal quotations omitted).  Further, "[m]ere notice or possession is not enough for a court to treat an extraneous document as integral to a complaint; the complaint must rely *heavily* upon the document's terms and effect for that document to be integral." *Id.* (internal quotations omitted) (emphasis added).

Here, there is absolutely no evidence that plaintiffs' relied on any CBAs at all in formulating their complaint, much less that they relied "heavily" on any CBAs.  Indeed, the amended complaint contains absolutely no reference to any CBAs.

The cases largely relied upon by defendants are easily distinguishable.  For example, the Court in *Levy v. Verizon Information Servs., Inc.,* allowed review of the CBAs because the plaintiffs' expressly referenced ancillary plans that incorporated the CBAs by reference, thus making review of both the CBAs and the other plans proper on a motion to dismiss.  498 F. Supp. 2d 586, 594 (E.D.N.Y. 2007).  *Jacobson v. Televida, Inc.,* is also distinguishable because the plaintiff's claims actually arose out of terms in the relevant CBA, and the plaintiff brought at least one claim under the LMRA.  No. 04CV163, 2005 US Dist Lexis 44196, at *3-4 (E.D.N.Y. July 28, 2005); *see also Munno v. Town of Orangetown,* 391 F. Supp. 2d 263, 269 (S.D.N.Y. 2005) (CBA integral to plaintiff's Due Process claims because it outlined disciplinary action procedure).[1]

Here, plaintiffs have not relied on the CBAs in any way in framing their amended complaint.  In fact, as discussed in plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint and Stay Discovery ("Plaintiffs' Memo in Opp.") which is hereby incorporated by reference, plaintiffs' claims would exist even in the absence of any CBA.  *See* Plaintiffs' Memo in Opp. at 18-31.  All of plaintiffs' claims are based on defendants' failure to compensate plaintiffs' for all hours worked, resulting in violations of federal law and state statutory and common law.  *Id.*  These claims rely on the substantive provisions of state law which confer nonnegotiable rights to employees.  *See id.; see also Livadas v. Bradshaw,* 512 U.S. 107, 122 (1994).  Thus, the CBAs will not need to be interpreted or consulted to determine the viability of plaintiffs' claims, and therefore cannot be considered "integral" to plaintiffs' claims.

---

[1]  Defendants also appear to suggest that whether similar evidence was challenged in another case has a bearing on whether defendant have a legally sufficient basis to submit such evidence in this case.  Of course, whether it was challenged in another matter before another court has no bearing on whether defendants have submitted proper evidence before this Court in support of their motion.

## CONCLUSION

Based on the foregoing, and on plaintiffs' Memorandum of Law in Support of their Motion to Strike and their Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint, defendants' improperly submitted evidence should be struck from the record.  Therefore, plaintiffs respectfully request that the Court grant plaintiffs' Motion to Strike.

Dated:  October 4, 2010

**THOMAS & SOLOMON LLP**

By:      s/ Michael J. Lingle
            J. Nelson Thomas, Esq.
            Michael J. Lingle, Esq.
            Justin M. Cordello, Esq.
            *Attorneys for Plaintiffs and Class Members*
            693 East Avenue
            Rochester, New York 14607
            Telephone:  (585) 272-0540
            nthomas@theemploymentattorneys.com
            mlingle@theemploymentattorneys.com
            jcordello@theemploymentattorneys.com