# SEYFARTH
## ATTORNEYS SHAW LLP

620 Eighth Avenue

New York, New York  10018

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
(212) 218-5517

Writer's e-mail
lalmon@seyfarth.com

October 5, 2010

**VIA ECF & FEDERAL EXPRESS**

The Honorable Sandra J. Feuerstein
United States District Court for
 the Eastern District of New York
Long Island Federal Courthouse
Federal Plaza
Central Islip, New York 11722-4451

> Re:    Fraser (Sampson), *et al.* v. MediSys Health Network Inc., *et al.*
>         CV-10-1342 (SJF-ARL)

Dear Judge Feuerstein:

        We represent defendants MediSys Health Network, Inc., The Jamaica Hospital, Brookdale Hospital and Medical Center, Flushing Hospital and Medical Center, Peninsula Hospital Center, David P. Rosen, and Max Sclair (collectively, "Defendants") in the above-referenced action.  We write concerning the cover letters filed on September 29, 2010 by plaintiff Nellie Sampson ("Plaintiff") in connection with her Motion for Expedited Notice to Affected Employees ("Notice Motion") pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA") and her Motion for Expedited Hearing on the Notice Motion ("Expedited Hearing Motion").  (Docket Entry Nos. 64 & 65.)

        Defendants respectfully request that the Court hold Plaintiff's Notice Motion and Expedited Hearing Motion in abeyance pending resolution of Defendants' Motion to Dismiss the Amended Complaint and Stay Discovery ("Motion to Dismiss").  To promote judicial economy, consideration of the Notice Motion should await Your Honor's ruling on Defendants' fully briefed Motion to Dismiss because the Motion to Dismiss could dispose of the Amended Complaint in its entirety and obviate the need to consider the issues raised in the Notice Motion.  Moreover, to the extent that Plaintiff's Notice Motion seeks disclosure of putative class information, it is essentially one for discovery and should not be considered until after the Court rules on Defendants' pending motion to stay discovery.

        For any one of the following reasons, Defendants respectfully submit that the Court should hold the Notice Motion in abeyance:

        (a)   Plaintiff previously unsuccessfully sought a pre-motion conference on this non-dispositive motion.  On or about July 26, 2010, Plaintiff faxed an unfiled letter to Magistrate Judge

BRUSSELS

WASHINGTON, D.C.

SAN FRANCISCO

SACRAMENTO

NEW YORK

LOS ANGELES

HOUSTON

CHICAGO

BOSTON

ATLANTA

12759800v.3



Honorable Sandra J. Feuerstein
October 5, 2010
Page 2

Lindsay seeking a pre-motion conference.  On July 29, 2010, Defendants electronically filed their letter opposing Plaintiff's request.  (Docket Entry No. 47.)  On August 5, 2010, Magistrate Judge Lindsay issued a text order ruling that the matter was not properly before the Court.  Defendants contend that the Notice Motion still is not properly before the Court.[1]

(b) To the extent that the Court determines that Plaintiff's non-dispositive Notice Motion should have been made before Magistrate Judge Lindsay, it is premature because Plaintiff did not properly file her request for a pre-motion conference as required by Magistrate Judge Lindsay's Individual Practice Rules.[2]

(c)  Permission to seek conditional certification has not been granted, making Plaintiff's Notice Motion untimely.

(d)  Proceeding with a Notice Motion while Defendants' well-grounded Motion to Dismiss is fully briefed and pending will be a waste of the Court's and the parties' time and resources.[3]

On July 22, 2010, Defendants filed their Motion to Dismiss pursuant to Rules 12(b)(6) and 26(c) of the Federal Rules of Civil Procedure and because § 301 of the Labor Management Relations Act preempts Plaintiff's claims.  Defendants seek to dismiss Plaintiff's statutory wage and common law claims in Amended Complaint on the grounds that (1) she fails to satisfy the pleading standards established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and (2) each of her thirteen causes of action are preempted by the collective bargaining agreements between Defendants and the putative class members and/or precluded by the FLSA.  In addition, with respect to Plaintiff's claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), for which she seeks to hold Defendants liable as racketeers based on nothing more than a wage dispute, Defendants moved to dismiss on the grounds that:  (1) she fails to satisfy the pleading standards under Fed. R. Civ. P. 9(b); (2) she fails to state a viable cause of action; and (3) her RICO claim is preempted by the FLSA.  Defendants believe that the Motion to Dismiss will dispose of the Amended Complaint.

---

[1] In relevant part, the text order states:  "The defendants' letter responds to a July 26, 2010 letter by the plaintiffs that was not filed on ECF and is not before the court.  Further, the substantive issue presented in the defendants' letter is one that is properly brought before the District Judge."  (8/5/2010 Docket Entry.)

[2] To the extent that Your Honor determines that the Notice Motion should now be before Magistrate Judge Lindsay, Defendants hereby reserve the right to further respond to Plaintiff's pre-motion conference request, once properly filed. If the Court is inclined to entertain Plaintiff's Notice Motion despite the pending Motion to Dismiss and to stay discovery, Defendants hereby request the opportunity to work with Plaintiff to agree upon an appropriate briefing schedule.  According to Your Honor's Individual Rules of Practice, Defendants' opposition to the Notice Motion would be due in less than two weeks, on October 18, 2010.

[3] Plaintiff disingenuously seeks an expedited hearing on her Notice Motion, despite the pending Motion to Dismiss, claiming that "every day matters" in FLSA cases.  Yet, this is no different than other limitations issues, and cannot be used to excuse Plaintiff's deficient pleading, which is a subject of Defendants' Motion to Dismiss.  Furthermore, Plaintiff's counsel have been soliciting plaintiffs for their *hospitalovertime.com* campaign literally for years - always commencing solicitations in the absence of court-approved notice - including in metropolitan New York since at least March 2010.  *See, e.g.*  Solicitation Letter (copy annexed at Tab A).  Under these circumstances, Plaintiff has established no legitimate grounds for expedited notice.

12759800v.3



Indeed, only two days before Plaintiff filed her Notice Motion - and unquestionably a factor in its timing[4] - the District of Massachusetts dismissed a virtually identical complaint filed by Plaintiff's counsel against a large Massachusetts healthcare system.  The district court agreed with the defendants that FLSA allegations, indistinguishable from Plaintiff's here, failed to meet the *Twombly/Iqbal* standard.  *Pruell v. Caritas Christi*, No. 09-cv-11466 (GAO) slip op. (D. Mass. Sept. 27, 2010) (Docket Entry No. 31) (copy annexed at Tab B).  As a result, the court also dismissed plaintiff's derivative RICO claims.  In addition, the *Pruell* court held that state statutory wage claims and common law claims similar to plaintiff's all were preempted by § 301 because "multiple CBA provisions must be consulted and applied to establish the plaintiff's wage rates and because consulting and applying multiple provisions amounts to 'interpretation' of the CBAs, Section 301 preempts the plaintiff's statutory wage claims. . . . [and] likewise preempts the plaintiff's common law claims, which are all variations on a common theme."  *Pruell v. Caritas Christi*, No. 09-cv-11466 (GAO), slip op. at 6 (D. Mass. Sept. 27, 2010) (Docket Entry No. 29) (copy annexed at Tab C).

In light of the broad and conclusory allegations and lack of plausible factual pleadings in the Amended Complaint, and the multiple strong grounds for Defendants' pending Motion to Dismiss and to stay discovery, Plaintiff's Notice Motion is premature.  Granting the request would waste the parties' and judicial time and resources because the resolution of the Motion to Dismiss may dispose of the case and obviate any need for notice to any putative class.

Even assuming, *arguendo*, that the Court grants the Motion to Dismiss only in part, sending any notice before a decision on the Motion to Dismiss will serve to confuse or mislead notice recipients, as it may include descriptions of claims that are no longer in the case and/or be sent to individuals who may never be part of any putative class.  That, in turn, would lead to additional motion practice.  For all of these reasons, judicial economy demands that the Motion to Dismiss be resolved before the Court need turn to the issues raised by Plaintiff's Notice Motion.

Based on the foregoing, we respectfully request that Your Honor grant Defendants' request and hold the Notice Motion and Expedited Hearing Motion in abeyance until such time as the Court rules on Defendants' Motion to Dismiss.  Should the Court refer the Notice Motion to Magistrate Judge Lindsay, Defendants respectfully request that a pre-motion conference be scheduled in accordance with Magistrate Judge Lindsay's Individual Rules of Practice.

---

[4] Plaintiff cannot use her Notice Motion to attempt to remedy the deficient pleadings in her Amended Complaint.  *See, e.g., Yarborough v. Queens Auto Mall, Inc.*, No. 08-CV-3179 (DLI), 2010 U.S. Dist. LEXIS 27421, at *6 (E.D.N.Y. Mar. 23, 2010) ("Plaintiff may not amend [her] complaint through [her] motion papers."); *Levy ex rel. SpeedUS.com, Inc. v. Marshall Cap. Mgmt.*, No. 99-CV-3428 (CBA), 2000 U.S. Dist. LEXIS 14915, at *22 n.8 (E.D.N.Y. July 26, 2000) ("The Court, however, may not consider this argument – based as it is on facts that are not in the complaint – on a motion to dismiss."); *Watson v. Cieslak*, No. 09 Civ. 2073 (DAB) (JCF), 2009 U.S. Dist. LEXIS 122706, at *19-20 (S.D.N.Y. Dec. 3, 2009) (citing *Connolly v. Havens*, 763 F. Supp. 6, 8 n.2 (S.D.N.Y. 1991) ("The Court will not consider the numerous factual allegations set forth for the first time in plaintiffs' memorandum…."); *Ifill v. N. Y. State Court Officers Ass'n*, 655 F. Supp. 2d 382, 393 (S.D.N.Y. 2009) (Plaintiff "may not amend her complaint … by raising [matters] for the first time in her motion papers")

12759800v.3



Honorable Sandra J. Feuerstein
October 5, 2010
Page 4

Thank you for Your Honor's consideration of this request.

Respectfully submitted,

SEYFARTH SHAW LLP

By  s/  Lorie E. Almon
Lorie E. Almon


cc:     The Honorable Arlene R. Lindsay (By ECF & Fed Ex)
        J. Nelson Thomas, Esq. (By ECF)
        Kristin G. McGurn, Esq.