

620 Eighth Avenue

New York, New York  10018

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
(212) 218-5517

Writer's e-mail
lalmon@seyfarth.com

October 18, 2010

**VIA ECF & FACSIMILE
(W/O ATT.) TO 631-712-5636**

The Honorable Sandra J. Feuerstein
United States District Court for
 the Eastern District of New York
Long Island Federal Courthouse
Federal Plaza
Central Islip, New York 11722-4451

    Re:    Fraser (Sampson), *et al.* v. MediSys Health Network Inc., *et al.*
              CV-10-1342 (SJF-ARL)

Dear Judge Feuerstein:

      On behalf of Defendants, we respectfully request the opportunity to submit a brief reply to Plaintiff's letter response dated Friday, October 15 (the "Response"), regarding a briefing schedule extension (which Plaintiff admittedly accepts), in order to address the following points:

- Defendants' request for additional time to respond to the Notice Motion is neither interposed for delay nor prejudicial to putative plaintiffs, who can freely opt in to the lawsuit (and could have since its filing in March, despite *Plaintiff's counsel's delay* in moving for conditional certification for nearly *seven months*).[1]

- Defendants' attempt to set boundaries during the Tolling Period for Plaintiff's counsels' communications with putative plaintiffs is warranted because they already have engaged in troubling, prejudicial, false and deceptive communications with potential class members throughout their litigations against New York area hospitals, for example by reporting in April prior to moving for conditional certification that a Judge already "had certified the class" and had concluded that the employees had made a "modest factual showing" that they were improperly paid.  *See* Transcript of April 26, 2010 hearing in *Hackett v. Montefiore Health Sys., Inc.,* Docket No. 10-CV-2682 (S.D.N.Y.) ("That's not true"; it "does not fall within the protection of the First Amendment because it's neither

---

[1] Equitable tolling of the FLSA's statute of limitations is reserved for "rare and exceptional circumstances" in which plaintiff is "prevented in some <u>extraordinary way</u> from exercising his rights."  *Jacobsen v. Stop & Shop Supermarket Co.,* 2004 WL 1918795, at *3-4 (S.D.N.Y Aug. 27, 2004) (emphasis in original).  While Defendants have expressed willingness to agree to a brief tolling period - for a scope of potential plaintiffs circumscribed by the Notice Motion's own focus on meal breaks - in exchange for a short extension of the briefing schedule, Plaintiff's outrageous attempt to restrict Defendants' communications with their employees is unsupported by law, especially in the absence of any misconduct by Defendants (Plaintiff does not and cannot cite any or demonstrate that it is threatened to occur) and where no class has yet been conditionally certified.

12795923v.2



Honorable Sandra J. Feuerstein
October 18, 2010
Page 2

true nor accurate… it's false, it's deceptive.  And it's misleading."). *Id.* at p. 8, 21, 29 (attached hereto as Exhibit A).  Such misconduct demands that conditions be imposed on Plaintiff's counsel's communications with putative class members prior to the issuance of any Court-approved notice, if there is to be any at all.[2]

- Plaintiff's attempt to obtain unwarranted restrictions on "direct and indirect" communications between Defendants and their employees - for a period extending *beyond* the proposed Tolling Period - is without legal support.[3]  Defendants are free to communicate with their employees about their compensation policies, and even to gather evidence for the case, should they decide to do so.  *Parks v. Eastwood Ins. Servs.,* 235 F. Supp. 2d 1082, 1083 (C.D. Cal. 2002); *Longcrier v. HL-A Co.,* 595 F. Supp. 2d 1218, 1225-26 (S. D. Ala. 2008); *Jackson v. Papa John's USA, Inc.,* 2009 WL 650181 (N.D. Ohio Mar. 10, 2009).  As Plaintiff's counsel's own self-promoting website's disclaimer makes clear, they do not represent *potential* plaintiffs and no ethical canon prevents Defendants from engaging in appropriate communications with their employees.[4]

- The Response makes bald misstatements of fact concerning supposed "admissions" and "assumptions" by Defendants, asserted by counsel who was not party to a single telephone discussion concerning the extension request or negotiations.

Based on the foregoing, we respectfully request that Your Honor permit Defendants to submit a short reply, or schedule a brief telephone or in-person conference, to address the tolling terms and briefing schedule.   Thank you for Your Honor's consideration of this request.

Respectfully submitted,

SEYFARTH SHAW LLP

By  s/  Lorie E. Almon
Lorie E. Almon

cc:     Peter Glennon (By ECF)
        Kristin G. McGurn
        Anjanette Cabrera

---

[2] *See Erhardt v. Prudential Group, Inc.* 629 F.2d 843, 846 (2d Cir. 1980) ("Unapproved notices to class members which are factually or legally incomplete, lack objectivity and neutrality, or contain untruths will surely result in confusion and adversely affect the administration of justice.")

[3] The fact that another hospital stipulated to such terms has absolutely no bearing and lends no legal support.  Further, the conduct of the defendants in the *Sjoblom* case cited by Plaintiff easily distinguishes that Wisconsin case, where the court also noted that "the mere fact that they employment relationship is inherently coercive *does not* justify restricting defendants' communications with their employees." *Sjoblom v. Charter Communications, LLC,* 2007 WL 5314916, at *3 (W. D. Wis. Dec. 26, 2007).

[4] It states: "Thomas & Solomon LLP will not represent you until we have filed your completed consent form in court. Until that time you are not a client of this law firm."  *See* http://medisyshealthclassaction.com/

12795923v.2