**Thomas & Solomon LLP**
THE EMPLOYMENT ATTORNEYS

February 9, 2011

**VIA ECF & FEDERAL EXPRESS**

Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, NY 11722-4451

Re:  Sampson v. MediSys Health Network, Inc. et al
     Civil Action No. 10-cv-1342 (SJF) (ARL)

Dear Judge Feuerstein:

I write on behalf of plaintiffs in the above-referenced matter to bring the recent decisions in *Lindberg v. UHS of Lakeside, LLC*, No. 10-cv-02014 (W.D. Tenn. Jan. 21, 2011) (attached hereto as Exhibit A), *Wright v. Lehigh Valley Hospital and Health Network*, Civ. No. 10-341 (E.D. Pa. Jan 20, 2011), (attached hereto as Exhibit B), and *Kuzneytsov v. West Penn Allegheny Health System, Inc.*, No. 10-948 (E.D. Pa. Jan. 25, 2011) (attached hereto as Exhibit C) to the Court's attention as supplemental authority in support of plaintiffs' motion for conditional certification and plaintiffs' opposition to defendants' motion to dismiss in this case.

*Lindberg v. UHS of Lakeside, LLC*

In *Lindberg*, a case almost factually identical to this case, plaintiffs sought to provide notice to *all* non-exempt employees subject to the automatic meal break deduction policy. *Id.* at 22. Similar to defendants here, the defendants in *Lindberg* argued that notice should be limited to only those employees in direct-care positions relying on *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F.Supp. 2d 200 (N.D.N.Y. 2009) and *Hinterberger v. Catholic Health Sys.*, No. 08-CV-380S, 2009 WL 3464134 (W.D.N.Y. Oct. 21, 2009). Not convinced by defendants' argument, the court found that notice should go to *all non-exempt employees* given that work was performed during meal breaks for a variety of reasons including: insufficient staffing, extensive job duties, responsibilities not to leave patients, and supervisor instructions. *Lindberg*, No. 10-cv-02014 at 22 (relying on *Camesi v. Univ. of Pittsburgh Med. Ctr.*, No. 09-85J, 2009 WL 1361265 (W.D. Pa. May 14, 2009) (also cited by plaintiffs here). Given that plaintiffs in this case have cited those same reasons for work performed during meal breaks, notice should likewise go to all hourly employees.

This holding is also consistent with this Court's repeated holding that the test to determine the scope of notice is coextensive of the scope of the challenged **policy**, not based on arbitrary distinctions such as job titles or job duties that are not connected to the policy at issue. As this Court held, "as long as they were all similarly situated with *respect to being subject to the*

Honorable Sandra J. Feuerstein
February 9, 2011
Page 2

*same policy of* being denied overtime compensation." *Cano v. Four M Food Corp.*, No. 08-CV-3005 (JFB)(AKT), 2009 WL 5710143, at *7 (E.D.N.Y. Feb. 3, 2009) (Court granted notice finding that plaintiffs' pleadings and affirmations demonstrated employees were "similarly situated with respect to this common policy of being denied overtime pay"). *See also Sexton v. Franklin First Fin., Ltd.*, No. 08-CV-4950 (JFB)(ARL), 2009 WL 1706535 (E.D.N.Y. June 16, 2009) (class certified based on satisfying the "modest factual showing" that the potential plaintiffs were subject to the same policy of "defendants' failure to pay its [employees] overtime"); *Bifulco v. Mortgage Zone*, 262 F.R.D. 209, 213, 215 (E.D.N.Y. 2009) (Court granted notice to all loan officers "subjected to a uniform policy and practice" of failing to pay overtime properly).

Additionally, using the "fairly lenient" standard applicable to conditional certification, the court in *Lindberg* held that plaintiffs' interrogatories and declarations supported granting their motion for conditional certification. *Lindberg*, No. 10-cv-02014 at 4-5. The employee statements in *Lindberg*, like those here, indicated that employees worked for defendants, worked over 40 hours in a week, their job duties caused them to work during their meal break even though it was deducted from their pay, defendants were aware that employees worked during meal breaks, defendants failed to ensure employees took their breaks, and employees were actually discouraged from seeking compensation for their time. *Id.* at 5-6.

Further, the court in *Lindberg* rejected defendants' argument that certification was inappropriate because there was a procedure to reverse the deduction. Indeed, the court held that plaintiffs had shown that defendants had an automatic deduction policy and had "abandoned their duty" to ensure employees received pay for work performed during meal breaks. *Id.* at 15-16.

Defendants in *Lindberg* also argued that the class should not be certified because the corporate defendants were comprised of "unaffiliated employers with distinct compensation structures and policies." *Id.* at 16. After first recognizing both that the FLSA contemplates employees having multiple employers and that the lenient standard continued to apply, the court noted that other courts have allowed employees of related employers to be members of a conditionally certified FLSA class, leaving issues concerning liability to a later time. Following that authority, the court rejected the defendants' argument and included all the employees in the same class. *Id.* at 16-18.

The similarities between plaintiffs here and those in *Lindberg* are extensive. The plaintiffs here, like in *Lindberg*, submitted statements demonstrating a common policy of automatic deductions for meal breaks throughout the system, regardless of the fact that employees regularly worked during their breaks. For example, plaintiffs explain that they worked over 40 hours in a week, were subject to an automatic meal break deduction policy and performed work during meal breaks and that managers were aware of such deductions and work being performed during this time, but discouraged employees from seeking compensation for such work. Moreover, plaintiffs in this case, similar to those in *Lindberg*, described the reasons for performing work during meal breaks beyond patient care duties. Therefore, like in *Lindberg*,

plaintiffs here have met the "modest" or "lenient" standard for demonstrating that plaintiffs were similarly situated to all hourly employees subject to the same automatic deduction policy.

### *Wright v. Lehigh Valley Hospital and Health Network*

In *Wright*, the plaintiff sought to provide notice to all registered nurses based on defendant's failure to accurately track and record hours actually worked by plaintiffs and similarly situated non-exempt registered nurses and failed to pay compensation and overtime compensation for work performed before and after scheduled shifts. *Wright*, Civ. No. 10-341 at 4. Like the defendants here, the defendant in *Wright* argued that notice should be limited to only those nurses who worked in the same unit as the named and opt-in plaintiffs. Yet, the defendant used uniform policies and a computer system to schedule and record the employees' time. Given the evidence, the court rejected the defendant's argument, finding it "reache[d] beyond its grasp" and was "overly constrictive," and found the proper scope to be that requested by the plaintiff, ordering notice to all nurses who were required to attend report before and after their shifts without compensation. *Id.* at 10-12.

Likewise here, following the reasoning in *Wright*, notice should be provided to all non-exempt employees. Indeed, all non-exempt employees are subject to defendants' common policy of deducting time for a meal period even though employees perform work during their meal periods. Here, too, defendants maintain system-wide policies and use a centralized system to record the employees' time further demonstrating that employees are similarly situated. As the court correctly held in *Wright*, such circumstances lead to notice going to all employees who are affected by the common policy rather than some arbitrary subset of employees.

Additionally, using the same "modest" standard set forth by plaintiffs in their initial papers, the *Wright* court rejected defendants' contentions that plaintiff failed to show a factual nexus between the named plaintiff and the situation faced by other current and former employees. *Id.* at 8-9. The court held that plaintiff's submission of three opt-in consent forms and two declarations were sufficient to show that the named plaintiff was similarly situated to the thousands of employees subject to the same policy. *Id.* at 8-9. The declarations and submissions used in support of the motion alleged: they worked alongside other registered nurses who similarly worked before and after their shifts without proper compensation; they witnessed others performing such work without compensation; and they witnessed other non-exempt employees working more than forty hours per week without proper overtime compensation. *Id.* at 7.

Rejecting defendants' argument that plaintiffs' submissions only assert that the hospital's otherwise compliant policies were applied in a non-compliant matter, the court held that "my role at this stage of the proceedings is not to weigh the merits of conflicting factual issues." *Id.* at 8. In fact, "the modest factual showing must be that the plaintiff is similarly situated to those she seeks to represent" *not* that she make a modest factual showing of a common injury and common plan. *Id.* at 10.

Honorable Sandra J. Feuerstein
February 9, 2011
Page 4

The plaintiffs here, like in *Wright,* submitted affirmations sufficiently demonstrating a common policy whereby employees performed work without being properly compensated. In *Wright,* like those submitted here, plaintiffs' submissions provided statements and employees' observations of other non-exempt employees performing work without proper compensation or overtime payments. Thus, as in *Wright,* plaintiffs have sufficiently set forth evidence that the plaintiffs were similarly situated to all hourly employees subject to the same policy of not receiving compensation for all time worked.

***Kuzneytsov v. West Penn Allegheny Health System, Inc.***

Lastly, defendants here rely on a decision in the case *Kuzneytsov v. West Penn Allegheny Health System, Inc.* in their argument for dismissal of plaintiffs' claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* Docket No. 69 at 27-33. However, in the most recent *Kuzneytsov* decision, the court denied defendants' motion to dismiss plaintiffs' RICO claims, finding that the RICO claims were properly pled and rejecting defendants' arguments. Given the defendants have made similar arguments here, their motion to dismiss should similarly be denied.

\*       \*       \*

For the foregoing reasons and as set forth in their prior submissions, the Court should grant plaintiffs' motion for expedited notice to all hourly employees and deny defendants' motion to dismiss.

Thank you for your courtesies in this matter. Please do not hesitate to contact this office should you have any questions or concerns.

Respectfully submitted,

Jessica L. Witenko

cc: Lorie E. Almon (by ECF)
Anjanette Cabrera (by ECF)
Edward Cerasia, II (by ECF)