UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NELLIE SAMPSON and TIMOTHY GILL,
on behalf of themselves and all other
employees similarly situated,

                        Plaintiffs,

      -against-

MEDISYS HEALTH NETWORK, INC., THE
JAMAICA HOSPITAL, THE BROOKDALE
HOSPITAL MEDICAL CENTER, FLUSHING
HOSPITAL AND MEDICAL CENTER,
PENINSULA HOSPITAL CENTER, DAVID
P. ROSEN, and MAX SCLAIR,

                        Defendants.
----------------------------------------------------------X

**ORDER**
10-CV-1342 (SJF)(ARL)

FILED
US DISTRICT COURT E.D.N.Y.
★ MAR 18 2013 ★
LONG ISLAND OFFICE

FEUERSTEIN, J.

I.    Procedural Background

On March 24, 2010, former plaintiff Claudette Fraser commenced this action against defendants MediSys Health Network, Inc. ("MediSys"), Jamaica Hospital ("Jamaica"), Brookdale Hospital Medical Center ("Brookdale"), Flushing Hospital and Medical Center ("Flushing"), Peninsula Hospital Center ("Peninsula"), David Rosen, President and CEO of MediSys ("Rosen"), and Max Sclair, Vice-President of Human Resources for MediSys ("Sclair"), alleging that employees of the defendants were not fully compensated for all hours worked, including time worked during meals and breaks, before and after shifts, and time spent in training programs, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. [Docket Entry No. 1]. The plaintiffs subsequently served an amended complaint, substituting

1

Nellie Sampson ("Sampson") as the named plaintiff and adding various claims arising under state law. [Docket Entry No. 16].

By order dated February 8, 2011, the Court: (1) dismissed with prejudice plaintiffs' (a) gap-time compensation claims,[1] (b) RICO claims, and (c) state law claims arising from the alleged breach of plaintiffs' collective bargaining agreement; and (2) dismissed without prejudice plaintiffs' FLSA overtime claims, holding, inter alia, that the "plaintiffs [did] not allege any facts to support the general conclusion that by working during the challenged periods they would have been working in excess of forty hours in one week period." [Docket Entry No. 124].[2]

On March 10, 2011, the plaintiffs filed the second amended complaint, which added Timothy Gill ("Gill," together with Sampson, "plaintiffs") as a named plaintiff. [Docket Entry No. 125]. The second amended complaint again alleged that plaintiffs were not fully compensated for all hours worked in violation of the FLSA and the NYLL and asserted various other state law claims. Defendants moved to dismiss the second amended complaint, and on July 24, 2012, the Court adopted in part and modified in part the Report and Recommendation of Magistrate Judge Arlene R. Lindsay, [Docket Entry No. 154] (the "Report"), recommending that the second amended complaint be dismissed. [Docket Entry No. 172] ("July Order").

In the July Order, the Court agreed with the Report's conclusion that although plaintiffs adequately alleged a plausible FLSA overtime claim, they failed to allege a joint-employer relationship among the various defendants, requiring dismissal of the complaint. July Order at 5.

---

[1] See Lundy v. Catholic Health Sys. of Long Island Inc., No. 12-CV-1453, --- F.3d ---, 2013 WL 765117, at *6 (2d Cir. Mar. 1, 2013) ("[The] FLSA does not provide for a gap-time claim even when an employee has worked overtime.").

[2] The Court also declined to exercise supplemental jurisdiction over plaintiffs' NYLL claims due to plaintiffs' failure to state a federal cause of action and dismissed the NYLL claims without prejudice. [Docket Entry No. 124].

The Court dismissed the claims against Rosen, Sclair, Flushing, and Peninsula with prejudice, and dismissed the claims against Brookdale and Jamaica without prejudice, holding that plaintiffs' allegations of an employee-employer relationship were "spare" and inadequate but that "it [was] more reasonable to infer that Brookdale and Jamaica possessed the power to control plaintiffs' employment." July Order at 10-11.[3] The Court directed plaintiffs to include in any third amended complaint "additional information . . . to adequately allege that [Brookdale and Jamaica] exercised control over the terms and conditions of their employment, including their compensation." July Order at 12. The Court also dismissed the NYLL claims without prejudice and the remaining state law claims with prejudice. July Order at 14-15.

Plaintiffs filed the third amended complaint on August 13, 2012. [Docket Entry No. 176] ("Third Am. Compl."). Now before the Court is the motion of Brookdale and Jamaica ("defendants") to dismiss the third amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike the class action allegations pursuant to Federal Rule of Civil Procedure 12(f). [Docket Entry No. 185]. For the reasons that follow, the motion to dismiss the third amended complaint is GRANTED.[4]

II.  Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550

---

[3] The Court also held that defendants failed to demonstrate that plaintiffs' claims must be resolved through the grievance and arbitration provisions of the collective bargaining agreement, July Order at 5, and reserved decision on whether plaintiffs' untimely claims should be equitably tolled. July Order at 12-14.

[4] Given the disposition of defendants' motion to dismiss the complaint, their motions to strike the class action allegations and to stay these proceedings are denied as moot.

3

U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

In deciding a motion pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y., 631 F.3d 57, 63 (2d Cir. 2011); see also Ruston v. Town Bd. for the Town of Skaneateles, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 1950; see also Matson, 631 F.3d at 63 ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation.") (internal quotation marks and citation omitted).

III. Analysis

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Since the filing of plaintiffs'

4

third amended complaint, the Second Circuit issued its decision in Lundy v. Catholic Health Sys. of Long Island Inc., clarifying the level of specificity required to plead a claim for unpaid overtime under the FLSA.[5] No. 12-CV-1453, --- F.3d ---, 2013 WL 765117 (2d Cir. Mar. 1, 2013). Lundy is one of many recent cases brought by plaintiffs' counsel asserting FLSA claims against health care companies, see, e.g., DeSilva v. North Shore-Long Island Jewish Health Sys., Inc., No. 10-CV-1341 (E.D.N.Y. Mar. 24, 2010); Wolman v. Catholic Health Sys. of Long Island, No. 10-CV-1326 (E.D.N.Y. Mar. 24, 2010); Nakahata v. New York-Presbyterian Healthcare Sys., Inc., No. 11-CV-6658 (S.D.N.Y. Sept. 23, 2011), and the allegations therein are indistinguishable in any material respect from the allegations in plaintiffs' third amended complaint. Upon review of the third amended complaint in light of the Second Circuit's guidance in Lundy, the Court concludes that plaintiffs have failed to allege plausible claims to relief under the FLSA.

The district court in Lundy dismissed the FLSA claims of the two (2) named plaintiffs because, inter alia, "[t]he potentially valid allegations of compensable time . . . did not allege that the compensable time exceeded 40 hours, as required for a FLSA overtime claim." Lundy, 2013 WL 765117, at *3.[6] The Second Circuit affirmed the dismissal, "conclud[ing] that in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy, 2013 WL 765117, at *5. The Second Circuit found "no plausible claim that FLSA was violated, because [the] [p]laintiffs ha[d] not alleged a single workweek in which they worked at least 40

---

[5] Prior to its decision in Lundy, the Second Circuit had "not previously considered the degree of specificity needed to state an overtime claim under FLSA." Lundy, 2013 WL 765117, at *5.

[6] The plaintiffs conceded that the third named plaintiff never worked more than forty (40) hours per week. Lundy, 2013 WL 765117, at *3.

hours and also worked uncompensated time in excess of 40 hours." Lundy, 2013 WL 765117, at *5.

The first named plaintiff in Lundy alleged that she was "typically scheduled from 7 am until 8 pm approximately three days a week totaling 37.5 hours" and "occasionally picked up either an additional 12.5-hour shift . . . or worked a longer shift (such as 7 am to 11 pm)." Fourth Amended Complaint, Wolman v. Catholic Health Sys. of Long Island, Inc., No. 10-CV-1326 (JS) (MLO) (E.D.N.Y. May 12, 2011) ("Lundy Compl."), at ¶ 56. The plaintiff alleged that she also worked additional uncompensated time: "during her meal breaks which she typically missed or which were interrupted . . . ; before her scheduled start time . . . , typically resulting in an additional 15 minutes of time every shift; and for training . . . which typically lasted 30 minutes and respiratory therapy credits of 10 hours per year on average." Id. According to the plaintiff, "[t]his additional uncompensated time of at least 2 hours and 15 minutes in weeks without training time and of at least 2 hours and 45 minutes in weeks with training time often should have been paid at overtime rates when [her] scheduled shifts exceeded 40 hours in a week, as discussed above, or when the uncompensated time pushed her hours for the week over 40." Id.

The Second Circuit deemed these allegations inadequate, stating that the plaintiff "ha[d] not alleged that she ever completely missed all three meal breaks in a week, or that she also worked a full 15 minutes of uncompensated time around every shift," and that "even if she did, she would have alleged a total 39 hours and 45 minutes worked." Lundy, 2013 WL 765117, at *5. The Second Circuit also noted that "[a] monthly 30–minute staff meeting, an installment of the ten yearly hours of training, or an additional or longer shift could theoretically [have] put [the plaintiff] over the 40–hour mark in one or another unspecified week (or weeks)," but held that such "allegations supply nothing but low-octane fuel for speculation, not the plausible claim that is

6

required." Id. at *5.

Similarly, the second named plaintiff in Lundy alleged that she "was typically scheduled from 8 am until 4 pm, approximately four days a week totaling 30 hours" and "worked five to six shifts a week approximately twice a month totaling a workweek of 37.5 to 45 hours." Lundy Compl. at ¶ 58. She alleged that she worked additional uncompensated time: "during her meal breaks which she typically missed or which were interrupted . . . ; before her scheduled start time . . . , typically resulting in an additional 30 minutes; and work after her scheduled end time . . . , often resulting in an additional 2 hours of work." Id. According to the plaintiff, "[t]his additional uncompensated time of at least 12 hours per week often should have been paid at overtime rates when [her] scheduled shifts exceeded 40 hours in a week . . . or when the uncompensated time pushed her hours over 40 hours in a week." Id.

Again rejecting the sufficiency of these allegations, the Second Circuit acknowledged that it is possible the plaintiff "missed all of her meal breaks, and always worked an additional 30 minutes before and two hours after her shifts, and maybe some of these labors were performed in a week when she worked more than her four shifts," but concluded that such "invited speculation does not amount to a plausible claim under FLSA." Lundy, 2013 WL 765117, at *6.

Plaintiffs' allegations in the third amended complaint suffer from the same deficiencies as the allegations in Lundy. Sampson alleges that she was "typically" scheduled for a shift of eight (8) hours and fifteen (15) minutes "approximately" five (5) days a week, totaling thirty-seven and one-half (37.5) hours per week, and that she "occasionally" worked an extra shift. Third Am. Compl. at ¶ 36. With regard to the alleged additional uncompensated time, Sampson alleges that: (1) her meal breaks were "typically" missed or interrupted; (2) she "typically" worked ten (10) additional minutes per week before the start of her shifts; (3) she "typically" worked fifteen (15) to

7

thirty (30) additional minutes per day after her shifts; (4) she attended uncompensated training for two (2) hours every two (2) years; (5) and she attended uncompensated "in-service classes" which were "typically . . . approximately" eight (8) hours twice per year. Third Am. Compl. at ¶ 36. Likewise, Gill alleges that he was "typically" scheduled for thirty-five (35) hours per week, and that he worked additional uncompensated time, including: (1) meal breaks that were "typically" missed or interrupted; (2) pre-shift work that "typically" resulted in an additional two (2) hours of work per week; and (3) post-shift work that "typically" resulted in an additional one and one-half (1.5) hours of work per day. Third. Am. Compl. at ¶ 38.

In the Report, Magistrate Judge Lindsay recognized the speculation required to construe an FLSA overtime claim from Sampson's allegations and stated that "[d]iscovery may reveal that Sampson never missed all of her meal breaks[,] . . . that she only stayed late and arrived early during a week she worked four rather than five days," or that "Sampson never attended an in-service course and a training session in the same week." Report at 13. However, Magistrate Judge Lindsay concluded (without the benefit of the Second Circuit's holding in Lundy), that "the plaintiffs' burden at this stage of the litigation is minimal, and that "[p]laintiffs are 'not required to state every single instance of overtime worked or to state the exact amount of pay which they are owed.'" Report at 13 (quoting DeSilva, 770 F. Supp.2d at 510). Id. The Court agreed with this conclusion, July Order at 5, but did not analyze the issue further since the Court held that dismissal of the complaint was required due to plaintiffs' failure to adequately allege an employee-employer relationship with Brookdale and Jamaica.

In light of the Second Circuit's holding in Lundy, it is clear that the analysis adopted by the Court with respect to the FLSA overtime claims is no longer valid in this Circuit and that plaintiffs cannot survive a motion to dismiss with allegations that require such speculation. It is not

8

sufficient that a "theoretical[]" combination of "typical[]" uncompensated time periods could add up to more than forty (40) hours in an "unspecified" week or weeks; rather, "to survive a motion to dismiss, [p]laintiffs must allege sufficient factual matter to state a plausible claim that they worked compensable overtime in a workweek longer than 40 hours." Lundy, 2013 WL 765117, at *4-5.[7]

Plaintiffs' allegations here do not meet the standard imposed by Lundy, since plaintiffs have not alleged that they worked uncompensated time in excess of forty (40) hours in any particular week. Even if Sampson worked through her entire lunch break every day of the week, she would still have worked only forty (40) hours. Although the addition of training and/or pre- and post-shift work during such a week would have put Sampson over the forty (40) hour threshold requirement, Sampson has not alleged that this actually occurred in any week. See Nakahata, 2012 WL 3886555, at *4 ("While plaintiffs now allege the 'typical' or 'approximate' number [of] hours per week they worked without proper compensation, they fail to allege the actual date for even a single instance of unpaid work, and do not distinguish between their unpaid regular hours, which are not compensable under the FLSA but are compensable under NYLL, and overtime

---

[7] Plaintiffs argue that "the Court held [in the July Order] that plaintiffs, in their Second Amended Complaint, had sufficiently pled their claims for overtime, and unpaid work due to defendants' meal and break deductions, unpaid pre- and post-schedule policy, and unpaid training policy," and that "[d]efendant[s] cannot now, in retrospect, object to Judge Lindsay's [Report], and this Court's adoption of that recommendation[, as] [t]his Court has already held that plaintiffs . . . adequately alleged their claims for unpaid wages . . . ." Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' Third Amended Complaint [Docket Entry No. 185-5] ("Pl. Memo.") at 3, 7. According to defendants, "[n]ow that [p]laintiffs have filed a further amended complaint, . . . [d]efendants have every right to challenge its new allegations." Defendants' Reply Memorandum in Further Support of Their Motion to Dismiss [Docket Entry No. 185-7] ("Def. Reply") at 2. The Court's adoption of the Report's recommendation that the overtime allegations were sufficiently pleaded was not essential to the disposition of the motion to dismiss the second amended complaint. Moreover, to the extent that the July Order could be construed as having conclusively determined the issue, the Court deems it appropriate to revisit and modify its prior order in light of the Second Circuit's holding in Lundy. See United States v. LoRusso, 695 F.2d 45, 53 (2d Cir. 1982) ("A district court has the inherent power to reconsider and modify its interlocutory orders prior to entry of judgment . . . .").

9

hours. . . . Specifically, plaintiffs' allegations are insufficient to show that [the plaintiffs] ever worked more than 40 hours a week."). Furthermore, Sampson's allegation of "in-service classes" of "approximately eight hours twice a year" would not amount to more than forty (40) hours unless the classes took place in a week during which Sampson was scheduled for her "typical" eight (8) hour shift on all five (5) days of the week. See id. at *4 ("While [the plaintiffs] claim that they attend[ed] a training every two years for four and two hours respectively, they do not provide any additional information to show whether these trainings occurred during 'typical' weeks, or weeks when they worked an additional shift, or otherwise resulted in them working more than 40 hours per week."). Likewise, Gill has not alleged an actual week in which he worked more than forty (40) hours as a result of missed and/or interrupted meal breaks combined with "typical" pre- and post-shift work.

Therefore, plaintiffs "have not alleged a single workweek in which they worked at least 40 hours and also worked uncompensated time in excess of 40 hours." Lundy, 2013 WL 765117, at *5. This "failure to allege uncompensated work in excess of 40 hours in a given week . . . entirely disposes of the FLSA overtime claims." Id. at *4. Accordingly, plaintiffs' FLSA claims are dismissed.[8]

B.  New York Labor Law Claims

"[A] district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" Kolari v. New York–Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (quoting 28 U.S.C. § 1367(c)(3)). In deciding whether to exercise

---

[8] Given the dismissal of plaintiffs' complaint, it is not necessary for the Court to determine whether the third amended complaint adequately alleged an employer-employee relationship between plaintiffs and Brookdale and Jamaica.

supplemental jurisdiction, a district court must "balance[] the traditional 'values of judicial economy, convenience, fairness, and comity.'" Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720. 350 (1988)). "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Id. (quoting Cohill, 484 U.S. at 350 n. 7). Given that all of plaintiffs' federal law claims are dismissed, the Court declines to exercise supplemental jurisdiction over plaintiffs' remaining NYLL claims, and the claims are dismissed without prejudice.

C. Leave to Replead

"Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." Ruffalo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Although the Second Circuit had not issued its decision in Lundy prior to plaintiffs' filing of the third amended complaint, plaintiffs' counsel was clearly aware of the potential deficiencies in the pleading of their FLSA allegations, as their complaints were dismissed by the district courts in Lundy and Nakahama upon the same reasoning applied by the Second Circuit. Moreover, plaintiffs have now had three (3) opportunities to amend their complaint. There is no basis for the Court to conclude that a fourth attempt by plaintiffs would successfully meet the Lundy standard. See Lundy, 2013 WL 765117, at *8 n.11 ("[C]onsidering that Plaintiffs amended their complaint at least four times with express guidance from the district court, they cannot argue now that it is unfair to dismiss their inadequately pleaded . . . claims."); Armstrong v. McAlpin, 699 F.2d 79, 93-94 (2d Cir. 1983) ("Because the complaint whose allegations were being considered by the district court was plaintiffs' second amended complaint, the district court did not abuse its discretion in refusing to give plaintiffs a fourth attempt to plead."). Therefore,

11

leave to amend is denied.

III. Conclusion

For the foregoing reasons, defendants' motion to dismiss the complaint [Docket Entry No. 185] is granted. The FLSA claims against Brookdale and Jamaica are dismissed with prejudice, and plaintiffs' claims under the NYLL are dismissed without prejudice. The Clerk of Court is respectfully directed to close this case.

**SO ORDERED.**

/s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: March 18, 2013
Central Islip, New York